DANIEL B. BIRD, ET AL., APPELLANTS, vs. EARLE & PERKINS, RESPONDENTS.

1. The relation of landlord and tenant does not exist between one tenant in common and the other co-tenants, where the one occupies the common estate in his own right, and without contract, express or implied, with his co-tenants.

2. A final decree, based upon a consideration of all the equities of the parties, if correct, will not be reversed on account of the appointment of an improper person as receiver during the progress of the cause.

Appeal from Jefferson county, Second Judicial District. The opinion of the court contains a statement of the case.

Other points involved in this case are decided in the case reported just before this, where the co-tenants, upon their own bill, sought relief against the mortgagee of the occupying tenant and the occupying tenant.

*Wm. Scott* for Appellants.

This suit was commenced by the appellees, on the 5th day of January, 1875, against W. C. Bird, the mortgagor, to foreclose a mortgage on the crops of the year A. D. 1873, and which mortgage was given by the said W. C. Bird to secure Earle & Perkins for advances made and to be made by them to the said W. C. Bird.

The lands upon which these crops so mortgaged were to be produced were certain lands in which the infant plaintiffs in this appeal had a two-thirds interest, and for the partition of which said infants had, nearly five years previously, commenced their suit in the Jefferson County Circuit Court, and in which suit Earle & Perkins were themselves parties defendant. The suit for partition was commenced in July, 1869, against W. C. Bird, and in 187– Earle & Perkins were, by amendment, made parties defendant. Not only was there a partition of the lands sought in said suit, but an account was prayed for against defendant, Bird, of the rents, issues and profits of the said land, and also an account against Earle & Perkins of the proceeds of the crops produced on the estate and forwarded to them in settlement of Bird's private debt to them, in pursuance of an agreement made with them by him to that effect in the said mortgage. The plaintiffs claim that if they have, as they contend they have, the right to demand an account of defendant, Bird, of the rents, issues and profits of the common property prior to 1869, then they have the right to demand their share of the crops raised by their trustee on this property since the commencement of their suit for partition and account, in July, 1869. All the transactions between Bird and Earle & Perkins since July, 1869, were utterly null and void, so far as they affected the rights of these infants. The common doctrine of lis pendens applies to this case. Tenants in common have the right to an account from their co-tenant who has been in the exclusive possession of the common estate and receiving to his own

use the rents, issues and profits thereof. See 16 Gratt., 21; 19 Id., 28; 1 McMullin; 4 Kent, Sec. 64, p. 386, 370; Sto. Eq. Jur., Sec. 655; 1 Jac. R., 574; 5 Madd. R., 363; 1 Young & Coll., 538, 586.

The tenants in common of W. C. Bird being infants, and incapable of giving their consent, either actual or constructive, to his entering upon their property, he must be considered in so doing as a trespasser, and he constituted himself, by his conduct, the trustee or guardian for said infants, and the court, in its vigilant care over the interests of the infant, will hold him to a strict account as trustee and guardian of the said infants. See Perry on Trusts, Sec. 871–2; 1 Atkins, 543, 489; 1 Vernon, 295; 2 Id., 342; 3 Atkins, 130; 3 Id., 337; 1 Gill, 367; 1 Gill & Harris, 220; 22 Ga., 131; 7 Term. R., 390; 6 Vesey, 89; 27 Beav., 508; 8 Id., 280; Story Eq. Juris., Secs. 511, 1356; 6 Whart. R., 620; 3 Yeates, 251; 2 P. Williams, 645.

If Bird is held and treated in equity as guardian or trustee of the infants, by virtue of his interference with their two-thirds interest in this estate, and receiving the issues of it to his own use, then it follows that Earle & Perkins, creditors of Bird, and purchasers from him of their interests in the crops produced on their estate, and that, too, in settlement of Bird's private debt to them, will themselves be held accountable as trustees of the infants to the extent of the value of the property received by them from W. C. Bird. See Perry on Trusts, Sec. 814, and addenda Id., Sec. 810–11–12; 14 Allen, 523; 13 Id., 50, 707; 10 Mass., 388; Perry on Trusts, Sec. 225, 812; 1 Vesey, 173; 7 Vesey, 152; 14 Vesey, 362; 17 Vesey, 155; 14 Ohio, State, 445; 2 Vernon, 616; 4 Madd., 388; 7 Ala., 906; 7 Ired. Eq., 231; 5 Md., 219; 2 McCord Chy., 149; 1 McCord Chy., 119.

Courts of chancery have no inherent jurisdiction to change the character of the estate of infants. This authority they get only from the statutes, and hence they must pursue it strictly. 4 Comstock, 257; 6 Hill, 415; 1 Kern., 547; 8

Howard, 531; 3 Lead. Cases in Eq., 269; 18 Gratt. Hence the interlocutory order of the court to the referee to sell the land to the defendant, W. C. Bird, made in 1870, was null and void, and conferred no title on Bird, especially as he never paid the price fixed by the court; and besides, the order was to sell to him if he desired to purchase according to the terms of the agreement, which was wanting in mutuality.

*Papy & Raney* for Appellees.

WESTCOTT, J., delivered the opinion of the court.

This case was heard and determined in connection with the case of D. B. Bird, et al., vs. Earle & Perkins and W. C. Bird, in the court below. It was heard in the same manner here upon appeal. In the case reported just before this, the court has determined the former case.

This is a bill brought by Earle & Perkins against W. C. Bird, to foreclose a mortgage executed by him upon his crops for the year 1873, to secure sums of money then due and to become due to them, against Theodore Turnbull, and M. E. Ames, administratrix of C. B. Ames, deceased. The two last named parties claimed to be judgment creditors of Bird—one for seventy-five dollars, the other for one hundred and ninety-five dollars. They had caused executions to issue, and had levied upon the equity of redemption of the mortgagor, Bird, in these crops. The bill was filed on the 5th of January, A. D. 1874. Plaintiffs prayed an injunction against the judgment creditors restraining any further proceedings under their levies, and for a decree of foreclosure and sale against Bird. The mortgage was filed as an exhibit to the bill. Upon default of Bird, there was an order entered, on the 11th January, A. D. 1874, that the bill be taken *pro confesso*. The result of this default was, as to Bird, that the cause should be proceeded in *ex-*

*parte*, and the matter of the bill be decreed, if it could be done without an answer, and was proper to be decreed.

At this point in the proceedings, the children of P. B. Bird and Daniel B. Bird, who had already brought their original suit against Earle & Perkins, filed a petition setting up the pendency of their former suit against W. C. Bird and Earle & Perkins, alleging ownership of two-thirds of the land in the possession of W. C. Bird, and claiming a like interest in the crops. The object of the petitioners, as stated by them, was that they might be given an opportunity to be heard in the matter before a decree of foreclosure was passed, an injunction granted, or receiver appointed in this suit, and to the end that they might be made parties defendants in this action.

On the 10th of January, A. D. 1874, after notice, Thomas J. Perkins, one of the plaintiffs herein, was appointed receiver of the crops, with directions to sell the same. On the 2d of March, A. D. 1874, these defendants file an answer, and subsequently an amended answer. They do not expressly deny the existence of the mortgage from Bird to Earle & Perkins, nor do they deny the existence of an indebtedness secured by a mortgage upon these crops. They allege that they are the owners of one-third of the crops produced, and seek to charge Earle & Perkins as trustees. They set up substantially the same facts that they had already set up in their bill against Earle & Perkins. In addition to their claim against Earle & Perkins, they make a claim for rent, and, as infants, they claim the benefit of a general denial of all the allegations of the bill, and insist upon strict proof. To these answers plaintiffs filed a replication. Defendant Bird then files an admission that he owes Earle & Perkins, under their mortgages, the sum of ten thousand three hundred and twenty-four dollars. The infant defendants introduce evidence of their title as tenants in common with Bird, and an extract from a former bill of Earle & Perkins, filed March 5, 1873, from which it appears

that Earle & Perkins were at that time aware that W. C. Bird had only one-third interest in the land as tenant in common with them. This was after the execution by Bird of the mortgage to them, the mortgage being dated the 7th of February, A. D. 1873. On the 8th of December, A. D. 1874, the case was heard upon the pleadings and evidence in this case, and upon the pleadings and evidence in the case of D. B. Bird *et al.*, against Earle & Perkins, the agreement of counsel being that both these actions "should be heard and determined upon the record, and evidence submitted in both cases," the court decreed a foreclosure of the mortgage, directed the receiver to apply the proceeds of the sales of the crops to the mortgage debt of the plaintiffs, and dismissed the bill as to these defendants. From this decree this appeal is prosecuted. The position of the appellants here is very peculiar. They argue the case as though they are entitled to affirmative relief upon answer without cross bill, and also seek to make their answer in this suit available as proof of their affirmative allegations in their own original suit.

The plaintiffs in this suit admit the tenantcy in common of the land of the defendants, D. B. Bird *et al.*, with W. C. Bird, their mortgagor. The plaintiffs in the other suit, D. B. Bird *et al.*, admit the existence of the mortgage and a mortgage debt. The mortgagor, Bird, admits it also in this suit, and gives the amount, and the mortgage is an exhibit to the bill. The result is that from the pleadings in both of the cases, the proof is that the parties were tenants in common of the land, and that Earle & Perkins were mortgagees of the crops raised thereon by the use, occupation and labor of one of the co-tenants. In the preceding case we have discussed this question at length. The decree of foreclosure in this suit was proper, and must, therefore, be affirmed.

Something was said in the presentation of this case as to a landlord's lien upon these crops. As to that it is enough

Bird et al. v. Earle & Perkins.

to say that the relation of landlord and tenant does not exist between one tenant in common and the other tenants in common, where the one occupies the common estate in his own right, and without contract, express or implied, with his co-tenants.

It was also objected that one of the parties was appointed receiver in this case. As a general rule this is wrong, but these defendants having no equity or claim as to the crops of which he was appointed such receiver, cannot be heard to object to it. In addition to this the case has reached a final decree, and it must be affirmed or reversed by a consideration of all the equities of the parties. The final decree, if correct, cannot be reversed for the appointment of an improper person as receiver.

The decree is affirmed.