GERMANY, JOHN, Associate Judge.
This is an appeal from the final decree of adoption of the minor child involved by the step-mother over the objection of the natural mother, the natural father having consented to the adoption. The trial court found the petitioner, the step-mother, to be a suitable person to adopt the said minor child and that the best interests of the child would be promoted by the adoption. Cases of this kind give the Courts considerable concern, there being the usual conflicting interests and many times, regardless of which way the decree goes, pain and suffering is thereby engendered. There is no difficulty about the applicable law, the difficulty being in the application of the law to the facts. Usually there are no two cases alike. In the case of Wiggins v. Rolls, Fla.1958, 100 So.2d 414, 415, the rule is stated as follows:
“We have held that adoption statutes should be construed to authorize *157 the adoption of children by strangers only in cases where the natural parents consent or where there is proof that the child has been abandoned by its natural parents or where the parents have been permanently deprived of custody or, finally, that it is manifested to be to the best interests of the child that the adoption be decreed after due notice to the natural parents * * * ”
In this case, as noted, the trial court found the adoption to be to the best interests of the child and where there is a conflict between the rights of a natural parent and the best interests of the child, the interests of the child must prevail.
It is, of course, true that the rights of a natural parent are not to be regarded lightly, as was said in Steets v. Gammarino, Fla.1952, 59 So.2d 520, 521:
“It is a very serious matter to take a child from the natural parent and place it in the hands of another but the courts of this country have not hesitated to do so when the child’s welfare required * * * ”
Likewise in Torres v. Van Eepoel, Fla.1957, 98 So.2d 735, 737, the Court said:
“It is unnecessary to elaborate upon our oft-repeated conclusion that a natural parent has a right to the custody of his or her children absent conduct or conditions that justify a deprivation of the right in the interest of the welfare of the children. This legal right is one that should not be lightly regarded. True the right is not absolute as against the actual welfare of the child. However, in order to deprive a parent permanently of the custody of his offspring the evidence relied upon should be clear and convincing * * * ”
While it is true in the instant case that the petition is on behalf of the step-mother, nevertheless, a decree authorizing adoption by the step-mother will place the child in the care and custody of the natural father who is in a position to give the child many advantages well beyond the reach of the mother. It will serve no useful purpose to go into details on approximately two hundred pages of testimony in which there are the usual charges and counter charges, all of which have been resolved by the trial court. A careful study of the testimony leads to no other conclusion but that as found by the trial court, “the fitness of the natural parent (mother) and the welfare and best interests of the child” required the granting of the petition for adoption. Accordingly the decree appealed from is affirmed.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.