145 So.2d 493 (1962)
In re ADOPTION OF Lisa Marie CORCUERA, a Minor.
No. D-74.
District Court of Appeal of Florida. First District.
October 2, 1962.
Rehearing Denied October 24, 1962.
Ben F. Barnes, Marianna, for appellant.
Hays Lewis, Jr., Marianna, for appellees.
CARROLL, DONALD K., Chief Judge.
The respondent, the natural father of a minor child, has appealed from a final decree of adoption entered by the Circuit Court for Jackson County, awarding the *494 custody of the child to the petitioners, the natural mother and her husband.
Succinctly stated, the pertinent facts shown by the record are: The said minor child was born in New York State in 1953 to Joseph and Barbara Corcuera. Three years later the parents were divorced through a final decree of divorce entered by the Circuit Court for Hillsborough County, Florida, the court awarding the permanent care, custody, and control of the child to the mother, who had instituted the suit. The latter shortly thereafter married the petitioner Charles M. Bell, and the child lived with them at their home. In another court proceeding the natural father was ordered to make a small payment each week for the child's support, most of which payments were made by him.
In 1960 Mr. and Mrs. Bell filed a petition in the Circuit Court for Jackson County for the adoption of the child, serving notice thereof upon the natural father, who filed an answer objecting to the adoption. The State Welfare Board at the court's request filed a report to the effect that it was in the child's best interests that the adoption be granted and that the petitioners were fit and proper persons to adopt the child. After the taking of testimony the court entered the decree appealed from granting the petition.
The main question raised by the appellant is whether the evidence is sufficient to support the decree of adoption over his, the natural father's objection.
While the evidence did not establish that the appellant had abandoned the child, the petitioners testified that he had visited the child only briefly on three occasions in the last few years. Mrs. Bell testified that, although the appellant was contributing $208 a year toward the child's support, the cost of such maintenance amounted to approximately $1300. Several neighbors of the petitioners testified that the latter were suitable parents, kept a good home for the child, and that the child was happy and well adjusted in their home. Other evidence was presented in support of the petition to adopt.
In support of his contention the appellant relies upon decisions in this state recognizing the seriousness of severing a natural parent from the parental right and status, citing In re Whetstone, 137 Fla. 712, 188 So. 576 (1939), and In re Adoption of Prangley, 122 So.2d 423 (Fla.App. 1960). We share this view concerning the seriousness of such severance, but we must remember that in the two cases just cited the courts also recognized that one of the grounds for authorizing the adoption of a child by a stranger is that "* * * it is manifestly to the interest of the child that it be taken from their custody by some judicial proceeding of which the natural parents have notice."
The evidence upon which the chancellor had a right to rely indicates that although appellant father had not completely abandoned his child, his demonstrated lack of interest in its welfare closely approaches the point of abandonment. In addition, the conduct in which appellant engaged on his infrequent visits with his child in the home of the natural mother and the adoptive father was such as to justify a forfeiture of the parental rights accorded him under law. Because of these factors, fortified by convincing evidence that the best interest of the child will be served thereby, we conclude that the decree appealed comports with the essential requirements of law and is free from error. Accordingly, the final decree appealed from should be, and it is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.