SWANN, Judge.
In their brief on appeal, appellants have failed to state any “[s]pecific assignments of error from which the points argued arise.” Rule 3.7 subd. f(4), Florida Appellate Rules, 31 F.S.A.; Applefield v. Commercial Standard Insurance Co., Fla.App. 1965, 176 So.2d 366. Appellee has noted this defect in his brief but has not moved to strike appellants’ brief. Without waiving his rights to strike, appellee has answered appellants’ points on appeal. Under these circumstances, we proceed to the merits.
Appellants claim that an improper person was appointed as receiver during the progress of the action. This is not a ground for reversal of a final decree based on a consideration of all the equities of the parties. Bird et al. v. Earle & Perkins, 15 Fla. 447 (1875); Cf. Edenfield v. Crisp, Fla. App.1966, 186 So.2d 545; 27 Fla.Jur. Receivers, § 20 p. 608.
Appellants’ second point on appeal has been examined and is denied, as there was sufficient, competent evidence before the chancellor to sustain his ruling. See: Farmers’ Bank & Trust Co. v. Palms Pub. Co., 86 Fla. 371, 98 So. 143 (1923); 20 Fla. Jur. Landlord and Tenant, §§ 24 and 136.
The third point on appeal has been examined and is, in our opinion, free of reversible error. A third person may seek equitable relief from a judgment obtained by fraud if they have a sufficient interest thereunder. Compare Protective Holding Corporation v. Cornwall Co., 127 Fla. 252, 173 So. 804 (1937). Here, the ap-pellee was both a creditor and a stockholder.
The final decree is therefore
Affirmed.