219 So.2d 454 (1969)
In re ADOPTION of Angela E. VINCENT, a Minor.
No. K-453.
District Court of Appeal of Florida. First District.
March 4, 1969.
Estergren, Fleet, & Fortune, Fort Walton Beach, for appellant.
Tongue & Cox, Fort Walton Beach, for appellee.
WIGGINTON, Chief Judge.
The natural father of the minor child involved in this proceeding seeks appellate review of a final judgment of adoption rendered in favor of the child's stepfather. The primary thrust of the appeal challenges the sufficiency of the evidence to support the judgment.
The undisputed evidence reveals that the child, who at the time of this proceeding was five years of age, was born on August 10, 1962, at Colorado Springs, Colorado. At the time of birth, the appellant father and the child's mother were separated, the father then being a student at the University of Oregon but working during the summer vacation in the State of Washington. The father did not know when or if the child was born, but later learned of this event through a stepmother living in Oregon. The father paid none of the hospital or doctor bills incurred in connection with the child's birth. The father and mother were divorced in October, 1962, the decree requiring the husband to pay the sum of $50.00 per month for the support of the child, which amount he paid regularly thereafter. In addition, the father sent the child presents on such special occasions as birthdays and Christmas. The father made no attempt at any time to see or visit with the child, and in fact had never seen her during the five years of her life until he appeared in court to testify in this proceeding. He did, however, keep informed of the child's welfare through correspondence between his present wife and the child's mother. Although he testified that the great distance separating him from his former wife and child and lack of funds were the reasons why he made no attempt to see or visit with his child subsequent to its birth, there was evidence that on one occasion he was in the vicinity of his *455 former wife's residence but made no effort at that time to see or visit with the child. As a result of his remarriage, the father has adopted two children and one child has been born to him and his present wife.
The stepfather and natural mother were married in March, 1963, and in February, 1964, moved to Florida where they have since resided. It is established that the stepfather is the only father the child has ever known and with whom the child has lived in a family relationship practically all of her life. The stepfather and mother appear to be happily married and to provide a suitable home for the child.
By its final judgment the trial court found and determined that the stepfather is a fit and proper person to adopt the minor child, and that the best interest of the child will be promoted by such adoption.
Although the evidence in the record before us will not justify the conclusion that the appellant father totally abandoned his child, it does strongly indicate such a high degree of indifference to the child's welfare as to place him in a poor position to object to the child's adoption by the only father she has ever known. Although the policy of the law favors the preservation of those parental rights and privileges inherent in the relationship between a natural parent and his child, the law will not hesitate to sever that relationship when the best interest of the child so requires. As was said by Judge Carroll of this court in the case of In re Adoption of Corcuera:[1]
"In support of his contention the appellant relies upon decisions in this state recognizing the seriousness of severing a natural parent from the parental right and status, citing In re Whetstone, 137 Fla. 712, 188 So. 576 (1939), and In re Adoption of Prangley, 122 So.2d 423 (Fla.App. 1960). We share this view concerning the seriousness of such severance, but we must remember that in the two cases just cited the courts also recognized that one of the grounds for authorizing the adoption of a child by a stranger is that `* * * it is manifestly to the interest of the child that it be taken from their custody by some judicial proceeding of which the natural parents have notice.'
"The evidence upon which the chancellor had a right to rely indicates that although appellant father had not completely abandoned his child, his demonstrated lack of interest in its welfare closely approaches the point of abandonment. In addition, the conduct in which appellant engaged on his infrequent visits with his child in the home of the natural mother and the adoptive father was such as to justify a forfeiture of the parental rights accorded him under law. Because of these factors, fortified by convincing evidence that the best interest of the child will be served thereby, we conclude that the decree appealed comports with the essential requirements of law and is free from error. Accordingly, the final decree appealed from should be, and it is
"Affirmed."[2]
Appellant strongly relies for reversal of the judgment appealed on the case of In re Adoption of Prangley[3] in which the Second District Court of Appeal reversed a judgment of adoption which was based upon a finding by the trial court that the natural father had abandoned his child and thereby forfeited his rights to the continued parental relationship with his child. In Prangley the only evidence of abandonment consisted of the fact that following separation of the child's parents, *456 the father had not paid anything for support of the child. The evidence established, however, that this was in accordance with a written agreement of the parents which was introduced in evidence and approved by the court in the divorce proceeding, and was under circumstances which negated any intention on the part of the father to abandon his child. In that respect Prangley is clearly distinguishable from the case sub judice and cannot be accepted as authority for appellants' position.
We find ample evidence in the record to support the trial court's finding and conclusion that the best interest of the child in this case will be served by granting adoption to the appellee stepfather. Appellant having failed to demonstrate an abuse of discretion, or the application of an erroneous principle of law to the issue in dispute, the judgment appealed is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] In re Adoption of Corcuera, (Fla.App. 1962) 145 So.2d 493, 494.
[2] See also Rose v. Rose, (Fla.App. 1961) 128 So.2d 156.
[3] In re Adoption of Prangley, (Fla.App. 1960) 122 So.2d 423.