227 So.2d 73 (1969)
In re ADOPTION of Kenneth Monroe MILLER, an Adult.
No. 2117.
District Court of Appeal of Florida. Fourth District.
September 29, 1969.
Rehearing Denied October 28, 1969.
*74 Robert G. Murrell, of Sam E. Murrell & Sons, Orlando, for appellant W. Kenneth Miller.
Norman J. Smith, of Brinson, McWhirter & Smith, Kissimmee, for appellees James G. Radebaugh and Dorothy Joy Radebaugh.
WALDEN, Judge.
This appeal is brought by a natural father from a final judgment which granted the adoption of his adult son by the son's foster parents. We affirm.
Florida provides a simple statutory method for the adoption of adults, F.S. 1967, Section 63.231 et seq., F.S.A., which is in derogation of the common law and must, therefore, be strictly construed. Tsilidis v. Pedakis, Fla.App. 1961, 132 So.2d 9. It contains a single criterion in Section 63.271, supra. It provides that the court shall approve the adoption upon consideration of the petition and evidence about the character, habits, capacity and qualifications of the adopters, "* * * [A]nd if satisfied the adoption of the adoptee will be for his or her permanent interest or benefit, * *."
The evidence here abundantly supports the trial court's decision in that the adoptors are manifestly qualified and the evidence reflects that the adoption will be for the adoptee's permanent interest and benefit in solidifying and legalizing the highly satisfactory existent family relationship.
Summarizing, it appears that the natural parents were divorced when the adoptee was six months of age. He was raised to the age of sixteen by his natural mother, she having been given legal custody. At that time his natural mother became incompetent and he went to live with the adoptors in their home. The adopting father was a clergyman. The evidence reveals an excellent environment and a happy and stable arrangement with adoptee being raised as a member of the new family. They educated adoptee through high school and college. Adoptee has used the adoptors' surname since high school. Adoptee has never lived with his natural father and had never developed a close or father-son relationship with him.
According to the testimony of the adoptee, the only real family he had was the adoptors' and, therefore, he wanted his permanent legal status to reflect that he was their adopted son. The adoptors testified they considered the adoptee in the same way as their natural children. Both the adoptee and adopting parents expressed a mutual love and affection to one another as members of a single family unit. Also, they asserted that there was no material motivation for the adoption. The adoptee testified that, although he respected and loved his natural father and would continue to do so, he felt no family ties to him.
The adoptee, who is 21 years of age, and his now competent natural mother specifically consented to the adoption. The natural father did not consent. It is required in Section 63.261, that the adoptee and his spouse consent. However, as to natural parents it is only required that their consent or proof of service upon them be filed. Such service was had upon the natural father and he appeared and participated fully with his counsel as he had a right to do.
The natural father takes the stance that an adult may not be the subject of an adoption contrary to the wishes of the adoptee's natural parent where the natural *75 parent has not been guilty of misconduct; is not unfit; and has not abandoned the adult adoptee. He offers a number of cases touching upon adoptions and the rights of natural parents. Having examined them, we decline to catalog and discuss them here because they are irrelevant to this inquiry. The fundamental and disqualifying distinction is that they deal with the adoption of unemancipated infants and minors where different considerations obtain.
A perusal of F.S. 1967, Chapter 63, F.S.A., entitled Adoption, reveals a separate method for the adoption of an adult. Section 63.011 to Section 63.231, provides for the adoption of minor children, while Section 63.231 through Section 63.291, provides a different method for the adoption of an adult. The criteria and the considerations are necessarily quite different in the two situations for obvious reasons. A minor receives the special attention and solicitude of the court. Child custody, welfare, environment and support are important matters which the court must decide for the child where an issue is made. However, adults are cut loose to make such decisions for themselves, independently, and to exercise a wide discretion as to their legal status. Adults may change their names, F.S. 1967, Section 62.031, F.S.A.; sue their parents, F.R.Civ.Proc., Rule 1.210, 30 F.S.A., see generally 24 Fla.Jur., Parent and Children, §§ 19 and 22; marry without parental consent, F.S. 1953, Section 741.04, F.S.A.; and disinherit their parents F.S. 1945, Section 731.04, F.S.A.; also see Hamilton v. Morgan, 1927, 93 Fla. 311, 112 So. 80; Reinhardt v. Reinhardt, Fla.App. 1961, 131 So.2d 509; In re Levy's Estate, Fla.App. 1967, 196 So.2d 225. We see no inconsistency in permitting the adoption of an adult as a matter of the adoptee's individual rights and personal freedom regardless of the desires of the natural parent, where it is shown to be to the adoptee's permanent benefit and where the statutory procedures are followed. While testimony as to the wishes of the natural parents may have some relevancy when considering what is to the adoptee's benefit and interest, it is our view that their wishes and their fitness and prior conduct are not controlling. We are also mindful that the physical custody and family relationship of this adult adoptee is not in issue before us in that we can neither in fact restore him to his father nor remove him from his relationship with the adoptors.
We have considered the points raised by appellant and are satisfied that the requirements of law have been met and that no reversible error has been demonstrated.
Affirmed.
McCAIN and OWEN, JJ., concur.