242 So.2d 196 (1970)
In re ADOPTION BY Billy S. COOPER and Ethel Cooper.
No. N-423.
District Court of Appeal of Florida, First District.
December 17, 1970.
Rehearing Denied January 14, 1971.
*197 Savage, Krim & Simmons, Ocala, for appellants.
O'Neill & Tramell, and Harry C. Dozier, Jr., Ocala, for appellee.
WIGGINTON, Judge.
Appellant father, Fran Clifton Kennon, seeks review of a final judgment of adoption by which his minor child, Dawn Michelle Kennon, was declared to be the legal child of her maternal grandparents, Billy S. Cooper and Ethel Cooper. The principal point on appeal challenges the sufficiency of the evidence to support the judgment.
In summary, the evidence reflected by the record establishes without dispute that appellant father shot and killed his wife when the child here in controversy was approximately two and one-half years of age. The child was immediately taken into custody by its maternal grandparents and has lived with them for the ensuing one-year period transpiring prior to the institution of this action. Appellant father pleaded guilty to the offense of manslaughter and was sentenced to a term of imprisonment from six months to twenty years in the state penitentiary where he has remained incarcerated since the date of his conviction. At the time of the rendition of the judgment appealed, the child was approximately four and one-half years of age. The record is silent as to appellant's prospects for being released from prison at any time prior to the expiration of his sentence.
At the trial the court limited the issues to the three elements prescribed by statute, to wit: (1) the fitness of the petitioner grandparents to adopt the child; (2) the suitability of the child for adoption by petitioners; and, (3) whether the best interest of the child will be promoted by the adoption.[1]
In delineating the circumstances under which a judgment of adoption may be authorized, the Supreme Court in Fielding v. Highsmith[2] said:
"By the great weight of authority, an order of adoption procured by a stranger will be declared invalid as against the natural parents, unless it is made to appear that the parents have consented to the adoption; or that it is manifestly for the best interest of the child that it be taken from the custody of the natural parents by such a judicial proceeding, of which the parents have notice and an opportunity to be heard; or that the minor has been abandoned, and notice of the proceedings and opportunity to be heard cannot be given to the parents because their whereabouts are unknown; or that the parents have been permanently deprived of the custody of the child by a competent court having jurisdiction of the parents and the child. * * *"
From the foregoing it appears that one of the circumstances justifying adoption by a stranger is where it has been established that it is manifestly for the best interest of the child that it be taken from *198 the custody of the natural parents. In the judgment appealed the trial court held:
"* * * that the Petitioners BILLY S. COOPER and ETHEL COOPER are fit and proper persons to adopt the minor child herein sought to be adopted and that the best interests of the said child will be promoted by the adoption and that said child is suitable for adoption by Petitioners, * * *."
We do not perceive that any useful purpose would be served by reciting in detail the evidence touching upon the issues presented for adjudication as reflected by the 200 pages of testimony adduced by the parties. We have carefully examined and considered the proof and find it to be amply sufficient to support the judgment here questioned. Depriving a mother or father of their parental rights to a child born of their marriage is an agonizing task which the courts are called upon from time to time to perform. It is perhaps one of the most heartrending duties a trial judge has in the discharge of the obligations cast upon him by the law. It is only when the evidence convincingly indicates that such a course of action must be taken in order to serve the best interest of the child that such an adjudication will be made. However, as was said by this court in the case of In Re Adoption of Vincent:
"* * * Although the policy of the law favors the preservation of those parental rights and privileges inherent in the relationship between a natural parent and his child, the law will not hesitate to sever that relationship when the best interest of the child so requires. * * *"[3]
From the state of the record before us the disposition which we are compelled to make was that indicated by the Third District Court of Appeal in Smith v. Lyst[4] when it said:
"The lower court received evidence and heard all of the testimony; its findings were made accordingly. The decree of the lower court arrives at the appellate level carrying with it a presumption of correctness. Absent a showing by appellant that there existed before the lower court no substantial competent evidence upon which the decree could be founded, the decision of the chancellor will not be reversed. * * *"
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and SPECTOR, J., concur.
NOTES
[1] F.S. § 63.131, F.S.A.

"On hearing if it appears that petitioners are fit and proper persons to adopt the child and that the best interests of the child will be promoted by the adoption, and that the child is suitable for adoption by petitioners, the court shall enter a final judgment on declaring the child legally the child of petitioner or petitioners and giving the child the name by which it shall thereafter be known; otherwise, the court shall dismiss the petition or continue the hearing for further investigation and consideration."
[2] Fielding v. Highsmith, (1943) 152 Fla. 837, 13 So.2d 208, 209.
[3] In Re Adoption of Vincent, (Fla.App. 1969) 219 So.2d 454, 455.
[4] Smith v. Lyst, (Fla.App. 1968) 212 So.2d 921, 923.