349 So.2d 1215 (1977)
In re the Matter of ADOPTION OF Suzanne Michelle NOBLE.
No. 76-617.
District Court of Appeal of Florida, Fourth District.
September 20, 1977.
*1216 John L. Parker, Jr., Legal Aid Society of Palm Beach County, West Palm Beach, for appellant.
Eugene J. Ethier, Lake Park, for appellees.
BURNSTEIN, MIETTE K., Associate Judge.
This appeal arises from the granting of a final judgment of adoption of Suzanne Michelle Noble by Suzanne Gale and her husband, Charles Gale, appellees herein.
In October 1972 the mother placed the child with the Gales until she was able to resume custody. Mrs. Gale had several children of her own and was able to devote her full attention to homemaking and childrearing. The child remained with the Gales until Ms. Noble, who was working in New Hampshire, returned to Florida the following September to take the child back. After two weeks in New Hampshire, where Ms. Noble acknowledged that she was unable to cope with the rigors of rearing a small child and maintain a demanding fulltime job, she asked Mrs. Gale to resume care of the child.
Although adoption was discussed, no final determination was made, nor was any consent executed.
The child remained with the Gales, although the natural mother remained in touch with the Gales, sent periodic checks for the child's care, visited with the child on at least three or four occasions, sent birthday presents, Christmas and other gifts, made medical payments, bought items of clothing from time to time and telephoned the Gales regularly to inquire of the child.
On January 24th, 1975, the Appellees filed their petition for adoption; appellant counter-petitioned for custody. The Department of Health and Rehabilitative Services  Office of Social and Economic Services, filed its findings that the child is loved and considered part of the Gales' family; and that the natural mother is a stable employee, capable of formulating and carrying out plans for herself and the child.
Both parties are financially capable of caring for the child although the Gales are substantially better able to provide for her.
The trial court found that the petitioners are fit and proper persons to adopt Suzanne Michelle Noble and that the child's best interests would be promoted by such adoption, and granted the adoption.
We find no error in the determination that the Gales are fit and proper, nor do we question a finding that the child's best interests may be promoted by awarding her custody to the Gales. We do, however, find that these standards, with nothing further, are insufficient to terminate parental rights permanently. Due regard must be given to the rights of a natural parent. Wiggins v. Rolls, 100 So.2d 414 (Fla. 1958).
Adoption completely severs parental ties. Such permanent termination of parental rights and responsibilities must not be ordered without parental consent except upon clear and convincing proof that the natural parent has conducted himself in such a way as to show a complete abandonment of the child. La Follette v. Van Weeldon, 309 So.2d 197 (Fla. D.C.A. 1st 1975).
We decline to follow Jones v. Allen, 277 So.2d 599 (Fla. D.C.A. 2nd 1973). That case held that something less than complete and total abandonment by natural parents was sufficient to permit adoption by strangers. Neglect by the natural parents or disinterest and failure to carry out parental obligations does not justify adoption of a child by strangers over the natural parents' objection. Temporary failures and derelictions of parents, while possibly justifying *1217 deprivation of custody, will not support judgment of adoption. In re Adoption of Gossett, 277 So.2d 832 (Fla. D.C.A. 2nd 1973). We follow the stringent standard of Wiggins, supra.
In the case presently before us, we find a concerned natural parent, who, though admittedly is unable to cope with many parental obligations, is, nevertheless, entitled to the future benefits of maternal pride and a familial heredity.
Accordingly, we reverse and set aside the final judgment of adoption and remand this cause to the trial court for a determination of custody.
REVERSED with directions.
DOWNEY and DAUKSCH, JJ., concur.