365 So.2d 424 (1978)
In the INTEREST of C.K.G., a/k/a C. G., and J. W. G., Jr., a/k/a J. G., Minor Children.
No. 78-1622.
District Court of Appeal of Florida, Second District.
December 13, 1978.
*425 Paul W. Ferrell, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This is an appeal from an order permanently committing the appellant's children to the Department of Health and Rehabilitative Services for the purpose of adoption.
The court resolved the conflicting evidence concerning the fitness of the appellant as a mother and the best interests of the children by holding that the preponderance of the evidence favored the Department. In so ruling we believe the court employed the wrong standard of proof.
The courts of Florida have consistently held in adoption cases that the evidence relied upon to permanently deprive parents of the custody of their offspring must be clear and convincing. Torres v. Van Eepoel, 98 So.2d 735 (Fla. 1957); Rose v. Rose, 128 So.2d 156 (Fla. 2d DCA 1961); Roy v. Holmes, 111 So.2d 468 (Fla. 2d DCA 1959); In re De Walt's Adoption, 101 So.2d 915 (Fla. 2d DCA 1958). Since the end result of proceedings under Section 39.11(d), Florida Statutes (1977), is the permanent severance of parental custody, the same standard should apply. Cf. Kersey v. State, 124 So.2d 726 (Fla. 1st DCA 1960).
Accordingly, the judgment is reversed, and the case is remanded so that the court can decide the case upon the proper standard of proof. In reaching its conclusion the court may consider all evidence previously admitted as well as any further evidence which may be submitted on relevant events occurring since the last hearing.
GRIMES, C.J., and SCHEB and RYDER, JJ., concur.