BERANEK, Judge.
This is an appeal from a final judgment in a contested adoption matter. Appellants sought to adopt an infant child over the objection of appellee, the natural father. The minor child was born in December, 1975, at which time the natural mother was age 16 or 17 and the father age 19. Approximately nine months after the birth of the child, the parties were divorced. Neither parent had completed high school and the father was unemployed and without assets. The final judgment of dissolution of marriage was entered September 7,1976. Pursuant to an agreement of the parents, custody of the minor child was vested in the wife and the husband agreed to make child support payments of $50 per week. Less than six months later, on February 18,1977, a petition for adoption was filed by appellants herein. During this intervening period the minor child had been given by the natural mother to the child’s maternal grandmother, who had in turn given the child to the petitioning adoptive parents. *385 The natural father had made some child support payments and there was evidence that the natural mother had refused to disclose the whereabouts of herself and the child.
The trial court found that the natural father had not abandoned the child and denied the request for adoption. On appeal it is asserted that the evidence required a finding of abandonment as a matter of law. We disagree and affirm.
The petition for adoption was filed only a very short time after appellants gained physical custody of the child. The fact that the natural father did not visit the child in the home of the appellants during this period did not constitute abandonment as a matter of law even though appellee was aware of the location of the child. Similarly, appellee’s failure to pay adequate support monies during a portion of the time that the child was out of his physical custody is explained by his unemployment and lack of assets. Evidence was presented to the effect that he made at least three support payments and that some efforts in this regard were frustrated by the natural mother’s failure to disclose the child’s whereabouts.
In Barrett v. Reed, 363 So.2d 14 (Fla. 1st DCA 1978), the First District Court of Appeal held that a failure to pay child support for 17 months did not constitute abandonment as a matter of law. In so ruling the First District reversed a trial court’s finding of abandonment.
In this Court’s opinion In Re Adoption of Noble, 349 So.2d 1215, 1216, (Fla. 4th DCA 1977), this Court stated as follows:
Adoption completely severs parental ties. Such permanent termination of parental rights and responsibilities must not be ordered without parental consent except upon clear and convincing proof that the natural parent has conducted himself in such a way as to show a complete abandonment of the child.
On the basis of conflicting evidence below the trial court found that the father had not abandoned the child. Appellants have failed to demonstrate that the evidence below clearly and convincingly required a finding of abandonment as a matter of law. Therefore, the final judgment below is affirmed.
AFFIRMED.
DOWNEY, C. J., concurs.
LETTS, J., concurring specially with opinion.