FRANK D. UPCHURCH, Jr., Judge,
specially concurring:
While I concur in all respects with the majority opinion, I limit my concurrence to this particular factual situation. In this instance, both natural parents were alive at the time appellee was adopted; therefore, they either consented or were given notice as required by law[1] of the adoption. However, a question remains in a situation where a minor has no parent living or guardian at the time of the adoption. Can he be deprived of the right to inherit from his blood kin absent his ratification of the adoption upon his reaching maturity? While there is justification for the parents being able to sever their child’s relationship to them and to their relatives since they gave him birth, that justification is not present when there is no consent, express or *610 implied, on the parent’s part and the child is a minor. Even though, as discussed in the majority opinion, the right to inherit is not a vested right, but a mere expectancy or possibility, I doubt that a child can be deprived of that right simply because a state agency deemed him to be a fit subject for adoption and approved persons were willing to adopt him. Section 63.122(4), Florida Statutes (1979), requires notice of or consent to the adoption by the natural parents but, upon their death, notice or consent is not required of the next of kin. See Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA 1980) (Upchurch, F., J., concurring). I question whether the requirements of due process are met when an orphan is adopted and is thereby deprived of inheriting from his biological relatives without his subsequent ratification or consent upon becoming sui juris.

. § 72.13, Fla.Stat. (1959).