PER CURIAM.
This is an appeal from a final judgment granting a stepfather’s petition for adoption over the objection of the child’s father. We reverse.
The child’s mother and father were divorced in 1974 and the mother was awarded custody. For several years thereafter the parties were involved in an active dispute over the father’s visitation rights with the child. At one point, apparently because of the mother’s refusal to allow visitation, the father was awarded custody of the child for a short period of time. However, in late 1976 the father was imprisoned and at the time of the final adoption hearing was still serving a seven and one-half year sentence at the Glades Correctional Institute. Prior to the filing of the current petition the mother was married to another man who also had initiated but subsequently dropped proceedings to adopt the child.
In the final judgment the trial court predicated its decision on a finding that the adoption “would promote and protect the well being of the minor child by providing the Petitioner as a fit and proper person to afford the minor child with the benefit of a family life.”
The legal relationship between a parent and a child should not be terminated without the parent’s consent unless it is demonstrated that the parent has abandoned the child. In re the Adoption of Noble, 349 So.2d 1215 (Fla. 4th DCA 1977). Also see Section 63.072(1), Florida Statutes (1979). It is not enough to demonstrate that the adoption would be in the best interests of the child. Noble, supra. In Noble, we adopted a strict standard as to the proof required to justify a finding of abandonment:
Adoption completely severs parental ties. Such permanent termination of parental rights and responsibilities must not be ordered without parental consent except upon clear and convincing proof that the natural parent has conducted himself in such a way as to show a complete abandonment of the child. La Follette v. Van Weeldon, 309 So.2d 197 (Fla. D.C.A. 1st 1975).
We decline to follow Jones v. Allen, 277 So.2d 599 (Fla. D.C.A. 2nd 1973). That case held that something less than complete and total abandonment by natural parents was sufficient to permit adoption by strangers. Neglect by the natural parents or disinterest and failure to carry out parental obligations does not justify adoption of a child by strangers over the natural parents’ objection. Temporary failures and derelictions of parents, while possibly justifying deprivation of custody, will not support judgment of adoption.
at 1216-1217.
Applying this standard to the case at hand, we are unable to find the clear and convincing proof required. It is true that there was substantial evidence presented indicating that the adoption would be in the best interest of the child and that the evidence was in dispute as to the father’s post-divorce attempts to continue his relationship with the child. However, even construing the evidence in a light most favorable to the appellee, we are unable to conclude that such evidence constituted a showing of abandonment. On the other hand, we find ourselves in agreement with the trial court’s concerns as to the well being of the minor child. These concerns, however, while sufficient to support an award of custody, are not sufficient to justify a complete and permanent termination of the parental relationship.
Accordingly, this cause is reversed and remanded with directions for further proceedings consistent herewith.
DOWNEY, ANSTEAD and HERSEY, JJ., concur.