NESBITT, Judge.
The natural mother appeals an order permanently committing her daughter to the Department of Health and Rehabilitative Services (HRS) for purpose? of adoption.
The mother contends that the evidence as to the grounds warranting a permanent commitment order; to wit: (a) abandonment; (b) neglect; or (c) abuse, as those terms are defined in Section 39.01, Florida Statutes (1979), was not sufficient, under the clear and convincing standard, to support the order appealed from. In the Interest of D. A. H., 390 So.2d 379 (Fla. 5th DCA 1980); In the Interest of C. K. G., 365 So.2d 424 (Fla. 2d DCA 1978). We agree.
There is no suggestion advanced here that the mother is guilty of either neglect or abuse. This leaves only the ground of abandonment as an arguable basis for the order of permanent commitment. It is true that this three-and-a-half-year-old child has spent only fifteen weeks of her entire life in the custody of her natural mother. The mother has left the child with HRS on three separate occasions due to her financial inability to support the child. Although the mother is capable of functioning at an intel *776 lectual level in the upper two percentile of the population, psychiatric testimony revealed that her emotional immaturity and instability have prevented her from developing sufficient skills and maintaining steady or permanent employment. She earns approximately $7,000 a year, receives no child support from T. C.’s father, and has the additional responsibility of supporting a son fathered by another long-departed parent.
Each time the child has been placed in foster care, the mother has diligently visited the child at the times allotted. The child has a birth-related brain injury which affects her speech center. Otherwise, she is a normal, healthy, adoptable child. It is undeniable that the foster parents have provided her a stable atmosphere where she is developing favorably. The mother’s visits apparently upset the child and exacerbate her disability. It is understandable that the social workers at HRS are frustrated by the mother’s inability to support the child despite their assistance. Consequently, had this been a contest between natural parents competing for child custody, there is abundant evidence from the foster parents, psychiatrists, and social workers that the trial court’s determination would have been correct as being manifestly in the child’s best interest.
Nonetheless, with regard to the petition and order under review, neglect, abuse, or abandonment could be the only grounds for terminating the natural mother’s rights to the child.[1] § 39.41, Fla.Stat. (1979); State v. M. T. S., 408 So.2d 662 (Fla. 3d DCA 1982). Therefore, absent clear and convincing proof of abandonment, the finding of the trial court that an order of permanent commitment would be in the child’s best interest is immaterial. In the Interest of D. A. H., supra.
From a sociological and common sense standpoint, the trial court’s order is correct. Nonetheless, the Department of Health and Rehabilitative Services, as well as the court, is bound to follow the legislative direction and procedural bases prescribed for entry of orders of permanent commitment. State v. M. T. S., supra.
For the foregoing reasons, the order of permanent commitment is reversed.
Reversed.

. The legislature has by the adoption of Section 39.41(l)(f) 1. d., Florida Statutes (1980 Supp.), made noncompliance with the performance agreement established by Section 409.168, Florida Statutes (1980 Supp.), a new and additional ground for the termination of parental rights. However, the petition for permanent commitment of T. C. was filed well within the statutory grace period for preparation of the new performance agreements, Section 409.-168(3)(a)5., Florida Statutes (1980 Supp.), and this cause proceeded to determination without such an agreement.