PER CURIAM.
Although we sympathize with the trial judge in his concern for the welfare of two small minor children, we find the evidence insufficient to declare them dependent and therefore reverse the adjudication of dependency. We remand the matter to the trial court to receive additional evidence as to neglect by the mother and if such is found, what would be in the best interest of her two children.
We find that the proper degree of proof in a dependency action is by a preponderance of the evidence. Section 39.-408(l)(b) Florida Statutes (1981). A greater degree of proof is required to sustain an order of permanent commitment. In Interest of C.M.H., 413 So.2d 418 (Fla. 1st DCA 1982); In Interest of D.A.H. and S.L.H., 390 So.2d 379 (Fla. 5th DCA 1980); In the Interest of J.F., 384 So.2d 713 (Fla. 3d DCA 1980); Carlson v. HRS, 378 So.2d 868 (Fla. 2d DCA 1979); In the Interest of C.K.G., 365 So.2d 424 (Fla. 2d DCA 1978). Obviously in the first instance, the removal of the child from the parents is subject to modification and the return of the child to the parents, but the latter is permanent and deprives the parents of any further contact with the child.
No merit is found in the other points urged as error by the appellant. In Interest of C.M.H., supra; Dale v. Ford Motor Company, 409 So.2d 232 (Fla. 1st DCA 1982); Section 59.041 Florida Statutes (1981).
Therefore the matter is returned to the trial court for further proceedings consistent with this opinion.
Reversed and remanded with directions.