445 So.2d 1040 (1984)
Alba CALDERON, Appellant,
v.
D'Amaris TORRES, Appellee.
No. 83-449.
District Court of Appeal of Florida, Third District.
January 17, 1984.
Rehearing Denied March 13, 1984.
Fletcher & Langer and A. Lester Langer, Homestead, for appellant.
Arthur H. Lipson, North Miami Beach, for appellee.
Before HENDRY, HUBBART and FERGUSON, JJ.
*1041 PER CURIAM.
This is an appeal from a non-final order entered in an adoption proceeding. The order under review denies a motion to vacate an order previously entered which granted child visitation rights to the natural mother, some seven years after the adoption in this case became final. We have jurisdiction to entertain this appeal. Art. V, Sec. 4(b)(1), Fla. Const.; Fla.R. App.P. 9.130(a)(4).
The facts pertaining to this appeal are as follows. On August 21, 1973, D'Amaris Torres gave birth to a child out of wedlock. In 1977, Alba Calderon, the mother of D'Amaris Torres, legally adopted this child in an adoption proceeding brought in the trial court. On October 13, 1983, some seven years later, the natural mother Torres filed a petition to set aside the 1977 adoption on the ground that her consent to the adoption had been obtained by fraud; she also later filed, in connection with this petition, a motion to allow her to visit the child. The adoptive mother Calderon filed a motion to dismiss the petition; the trial court heard and granted this motion on the basis that the petition was barred by Section 63.182, Florida Statutes (1981). The trial court, however, granted the motion for visitation and denied a motion to vacate an order entered thereon. This appeal follows.
We conclude that the order under review must be reversed for two reasons. First, the trial court by statute lost any authority to vacate or modify the order of adoption, by granting visitation rights to the natural mother or otherwise, after one year had elapsed from the date the adoption became final. § 63.182, Fla. Stat. (1981); see Dean v. Brown, 216 Ark. 761, 227 S.W.2d 623, 627-28 (1950); Walter v. August, 186 Cal. App.2d 395, 8 Cal. Rptr. 778 (Ct.App. 1960). As over seven years had elapsed from the date of the adoption in this case, it is plain that the trial court had no authority to vacate or modify the final order of adoption. The trial court quite properly dismissed the petition to vacate on this ground; it also should have dismissed the motion for visitation rights filed in connection with this petition. Second, the trial court had no authority, in any event, to grant visitation rights to the natural mother in this adoption proceeding, as plainly the natural mother by statute lost all parental right to the child under Section 63.172, Florida Statutes (1981), including visitation rights, when the adoption became final. Roberts v. Davis, 328 So.2d 879 (Fla. 2d DCA 1976); Jones v. Allen, 277 So.2d 599 (Fla. 2d DCA 1973); see also Adoption of K.A.M., 367 So.2d 744 (Fla. 2d DCA 1979).
The order under review is reversed and the cause is remanded to the trial court with directions to vacate the order of child visitation entered herein.

ON REHEARING
The appellee, natural mother, has filed a motion for rehearing in which she attacks the constitutionality of Sections 63.172, 63.182, Florida Statutes (1981), as applied to the facts of this case. The record reflects that no such contention was ever raised by the appellee in the trial court or in this court until now. We therefore decline to entertain this belated contention as it is untimely raised for the first time on appeal in a motion for rehearing. Sarmiento v. State, 371 So.2d 1047, 1052-53 (Fla. 3d DCA 1979), aff'd, 397 So.2d 643 (Fla. 1981), and cases collected. The appellee's motion for rehearing is accordingly
Denied.