458 So.2d 1127 (1984)
In re the Matter of the ADOPTION OF: H.Y.T., a Minor.
Daniel S. WALLACE, etc., Appellant,
v.
C. McFerrin SMITH, III, etc., et al., Appellees.
No. 65515.
Supreme Court of Florida.
October 25, 1984.
Rehearing Denied December 12, 1984.
Daniel S. Wallace, Daytona Beach, for appellant.
David A. Monaco of Cobb & Cole, Daytona Beach, for News-Journal Corp.
*1128 F. Daun Fowler, Daytona Beach, for Alva and Wanda Ramey.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for State of Florida, for intervenor.
EHRLICH, Justice.
We accepted jurisdiction of this case because of a question certified as being of great public importance, pursuant to article V, section 3(b)(5), Florida Constitution, and passed directly to this Court by the Fifth District Court of Appeal pursuant to Florida Rules of Appellate Procedure 9.125.
The question arises out of a protracted custody dispute between the maternal grandparents (Rameys) and paternal grandparents (Thomases) over their orphaned granddaughter, which culminated in an order of adoption in favor of the Thomases being set aside by the Fifth District Court of Appeal in 1980. Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA), cert. denied, 389 So.2d 1116 (Fla. 1980). In that decision, the DCA noted that the child was unrepresented in all the earlier procedures and ordered the appointment of an attorney-ad-litem to represent the best interests of the child. The press had given the bitter dispute great play and had covered all the earlier proceedings.
The hearing on a subsequent adoption proceeding was scheduled to begin May 29, 1984. The child's attorney-ad-litem moved the court to close all the proceedings pursuant to section 63.162(1), Florida Statutes (1983). The media protested and urged the court to deny the motion on grounds that the policy underlying the statute was inapplicable to the facts of this case and that any right of privacy the child might claim had been waived.
The court ruled section 63.162(1) unconstitutional, reasoning that if the constitutional guarantee of a fair trial did not outweigh the media's first amendment right of access to court proceedings, no rights implicated in the present case could counterbalance the first amendment. As the statute permitted no discretion in its application, the statute was thus held to be unconstitutionally overbroad.
A petition for writ of certiorari was filed, the Fifth District Court of Appeal certified the question to be of great public importance and passed it directly to the Supreme Court without addressing the merits.
We reverse the order of the circuit court and find section 63.162(1) constitutional.
Section 63.162 provides, in pertinent part:
Notwithstanding any other law concerning public hearings and records: (1) All hearings held in proceedings under this act shall be held in closed court without admittance of any person other than essential officers of the court, the parties, witnesses, counsel, persons who have not consented to the adoption and are required to consent, and representatives of the agencies who are present to perform their official duties.
(1) All hearings held in proceedings under this act shall be held in closed court without admittance of any person other than essential officers of the court, the parties, witnesses, counsel, persons who have not consented to the adoption and are required to consent, and representatives of the agencies who are present to perform their official duties.
The Florida legislature has recognized an overriding public policy of protecting from harmful publicity parties to and the subject of adoption proceedings. This policy recognizes that adoption proceedings are qualitatively different from other judicial proceedings. In typical litigation, the courts have the duty to resolve competing interests of the parties. The courts are disinterested in the object of the litigation. In adoption proceedings, however, the court's primary duty is to serve the best interests of the child  the object of the proceeding. In re Adoption of M.A.H., 411 So.2d 1380 (Fla. 4th DCA 1982) (best interests of the child superceded only by rights of non-consenting natural parent); Ramey v. Thomas.
The media and the grandparents contend that the prior publicity has already destroyed *1129 any privacy to which the child may have been entitled in the proceedings and that the statute, because it lacks a mechanism by which the trial court may weigh the freedom of the press against the parties' privacy interests, is facially unconstitutional. The newspaper admits that it has already had access to and printed the sordid details of this bitter inter-family battle and argues that any damage to the child has already been done. In so arguing, the press attempts to lay on the shoulders of the child the burden of proving a need for the protection the people of the state, through the legislature, have attempted to afford parties to an adoption. However, in so arguing, the press acknowledges that it has suffered no unreasonable damage in its ability to report this human interest story.
We agree with the distinction, set forth in Firestone v. Time, 271 So.2d 745 (Fla. 1972), between public interest and public concern:
It must be taken as true, on the other hand, that "newsworthiness" is that which is well calculated to generate wide reader interest and thus may be a legitimate area of exploitation by the communications media. But we perceive a clear distinction between mere curiosity, or the undeniably prevalent morbid or prurient intrigue with scandal or with the potentially humorous misfortune of others, on the one hand and real public or general concern on the other.
Id. at 748 (emphasis in the original). We find that any impairment of the media's freedoms this statute creates affects only matters of "newsworthiness" rather than matters of "real public or general concern," and, by the admission of the newspaper's own counsel, the impairment is minimal.
For this reason, we reverse the order of the circuit court and direct that all proceedings be conducted in compliance with section 63.162(1), Florida Statutes (1983).
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.