483 So.2d 747 (1986)
Alva RAMEY and Wanda Ramey, Appellants,
v.
Peter B. THOMAS and Alice M. Thomas, Appellees.
No. 85-534.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
Rehearing Denied February 28, 1986.
F. Daun Fowler, Daytona Beach, for appellants.
Isham W. Adams and Garrett L. Briggs, Daytona Beach, for appellees.
Daniel S. Wallace, Daytona Beach, ad litem for Hope Thomas.
SHARP, Judge.
The maternal grandparents, Alva and Wanda Ramey, appeal from the final judgment granting the adoption of their granddaughter, Hope Thomas, by Hope's paternal grandparents, Peter and Alice Thomas. The trial court also denied the Rameys' counterpetition to adopt Hope, and found against their charges that Peter Thomas mismanaged Hope's funds and properties while acting as her guardian. Because there is substantial evidence in the record to support the trial judge's findings, we have no choice but to affirm. In the Matter of the Adoption of Gaskins, 318 So.2d 165 (Fla. 4th DCA 1975); Morrison v. Smith, 257 So.2d 623 (Fla. 4th DCA 1972).
This has been a long and bitterly contested family dispute over an orphaned grandchild between warring grandparents. See Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA), review denied, 389 So.2d 1116 (Fla. 1980). The fight over this child began when she was two years of age. Hopefully it will now be concluded, as she attains the age of nearly fourteen years. That appears to be the basic reason for the trial judge's granting the Thomases' petition for adoption, as well as Hope's own stated desire to have a set of parents rather than two sets of grandparents.
The tragedy of this case is that pursuant to the provisions of the adoption statute, Chapter 63, after Hope's adoption becomes final, the legal effect is to completely sever and destroy Hope's family relationship with her maternal grandparents. In this context, section 63.172(1)(b), Florida Statutes (1983) terminates all legal relationships between the adopted person and his former relatives for all purposes, including inheritance.[1] *748 Hope's mother was the Rameys' only child, and she is their only descendant.
It appears to us a harsh and unnecessary result to excise through adoption, a child's family relationship with natural grandparents. Even in the context of dissolution cases, grandparent rights are better protected than this. See § 61.13(2)(b)2 c, Fla. Stat. (1983); Ch. 752, Fla. Stat. (1984 Supp.).[2] Surely a child's welfare is promoted in most cases by having grandparents, rather than by not having them. That is poignantly illustrated in this case. The Rameys' only fault has been that they too loved this child, they desired her custody, and as long as they could, they sought to preserve their grandparent relationship with her.
AFFIRMED.
ORFINGER and UPCHURCH, JJ., concur.
NOTES
[1] Section 63.172(1)(b) provides that adoption "... terminates all legal relationships between the adopted person and his relatives, including his natural parents, except a natural parent who is a petitioner or who is married to a petitioner, so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents... ." We note that this statute is somewhat ambiguous regarding maintaining the status of grandparents through a natural parent in the context of stepparent adoptions, although obviously the legislative intent was to continue these grandparent relationships. This is clearly an area which should be "revisited" by the legislature.
[2] Section 61.13(2)(b)2 c, Florida Statutes (1983) permits a court in dissolution proceedings to award grandparents visitation rights if it is in the child's best interest. The grandparents also have legal standing to seek judicial enforcement of the award. Chapter 752, Florida Statutes (1984 Supp.) further protects grandparents' visitation rights by providing such visitation does not automatically terminate where one of the natural parents remarries and the stepparent adopts the child. § 752.07, Fla. Stat. (1984 Supp.). However, section 752.01(2), Florida Statutes (1984 Supp.) states it does not provide for grandparental visitation rights for children adopted by one other than a stepparent. While this may be justifiable under some circumstances when parental rights are terminated, we can think of none here where both natural parents were killed in an accident.