499 So.2d 883 (1986)
The FLORIDA STAR, Appellant,
v.
B.J.F.,[*] Appellee.
No. BK-253.
District Court of Appeal of Florida, First District.
December 15, 1986.
Rehearing Denied January 23, 1987.
Denise M. Prescod, Jacksonville, for appellant.
*884 Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Beckham, McAliley & Schulz, P.A., Jacksonville, for appellee.
Paul J. Levine and Wendy H. Cohen of Morgan, Lewis & Bockius, Miami, for Amicus Curiae, The Florida First Amendment Foundation.
PER CURIAM.
This cause is before us on appeal from a final judgment awarding compensatory and punitive damages pursuant to a jury verdict. We affirm.
The threshold question is whether this court has jurisdiction. We find that appellant abandoned the post-trial motions, and we distinguish this case from Leopard v. State, 489 So.2d 859 (Fla. 1st DCA 1986), and Lloyd v. Harrison, 489 So.2d 856 (Fla. 1st DCA 1986), wherein the post-trial motions were filed prior to the notice of appeal being filed. In those cases, the sequence of filing rendered the orders on appeal nonfinal until disposition of the post-trial motions; whereas the simultaneous filing, which occurred here, amounts to an abandonment of the post-trial motions.[1]
Reaching the merits, we find that the information published, the rape victim's name, was of a private nature and not to be published as a matter of law.[2]See Doe v. Sarasota-Bradenton Florida Television Company, Inc., 436 So.2d 328, 330 (Fla. 2d DCA 1983), particularly the reference to Opinion 075-203 of the Attorney General of Florida (July 14, 1975), which suggests that Section 794.03, Florida Statutes, be applied to the prosecution of parties publishing nonpublic information. Accordingly, we affirm.
BOOTH, C.J., and WENTWORTH and ZEHMER, JJ., concur.
NOTES
[*] The style of the case has been revised by the court sua sponte in order to preserve appellee's privacy interests.
[1] Our review of the record fails to reveal that any of the post-trial motions could be deemed "pending" at the time the notice of appeal was filed. Thus, there appears no error in the trial court's determination that it was divested of jurisdiction by the filing of the notice of appeal.
[2] Section 794.03, Florida Statutes, is pertinent and states:

No person shall print, publish, or broadcast, or cause or allow to be printed, published, or broadcast, in any instrument of mass communication the name, address, or other identifying fact or information of the victim of any sexual offense within this chapter. An offense under this section shall constitute a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.