498 So.2d 1063 (1986)
In re the Former Marriage of Virginia Ann SANDERS, Appellant,
v.
Henry L. SANDERS, Linda Denise Jordan and Max Young Jordan, Appellees.
No. 86-673.
District Court of Appeal of Florida, Fifth District.
December 18, 1986.
Roger B. Butcher of Benitez & Butcher, P.A., Orlando, for appellant.
Wendy L. Aikin of Osborne & Aikin, Orlando, for appellees Linda and Max Jordan.
No appearance for appellee Henry L. Sanders.
DAUKSCH, Judge.
This is an appeal from an order establishing visitation rights with a child.
Appellant and her former husband adopted a child. During the marriage dissolution proceedings appellees Linda Denise and Max Jordan intervened to obtain adoption of the child. The child is the biological child of Linda Denise Jordan, appellee. The child is not related to appellee Max Jordan who is the husband of Linda Denise but not the father of the child. Actually, the child is not legally related to Linda Denise Jordan either because the adoption by appellant relieved Linda Denise Jordan of any legal rights regarding the child. § 63.172(1)(b), Fla. Stat. (1985).
*1064 Despite the lack of legal right to the child the trial judge ordered visitation with the child be afforded appellees, Linda Denise and Max Jordan.
The order on appeal is non-final and is not one which can be appealed under the rules of appellate procedure. See Fla.R. App.P. 9.130(a)(3). However, due to the serious effect of such an order and because it departs from the essential requirements of law we shall decide this issue as if it were brought to us by petition for writ of certiorari. Combs v. State, 436 So.2d 93 (Fla. 1983); Fla.R.App.P. 9.040(c).
Section 63.172(1)(b) "terminates all legal relationships between the adopted person and [her] former relatives for all purposes, including [her] natural parents ... so that the adopted person thereafter is a stranger to [her] former relatives for all purposes." Ramey v. Thomas, 483 So.2d 747 (Fla. 5th DCA 1986).
Because adoption completely severs a natural parent's right to his and her child there is no legal basis upon which to grant visitation rights to the child. Calderon v. Torres, 445 So.2d 1040 (Fla. 3d DCA 1984).
The order granting visitation is quashed.
ORDER QUASHED.
COBB and COWART, JJ., concur.