535 So.2d 673 (1988)
In the Interest of R.C.E., III and C.D.E.
No. 88-1841.
District Court of Appeal of Florida, First District.
December 21, 1988.
Theodore M. Burt of Burt & Lancaster, Trenton, for appellant.
Karen J. Stone, Gainesville, for appellee.
SMITH, Chief Judge.
Appellant, stepmother of the minor children here involved, appeals an order granting visitation rights to maternal grandparents pursuant to section 61.13(2)(b)2 c and section 752.01(1)(b), Florida Statutes (1987). We affirm.
The appellant petitioned for the adoption of her husband's children from a former marriage. The maternal grandparents of the children filed a motion for visitation in the adoption proceeding. The trial court conducted a hearing on the visitation motion, found that it would be in the children's best interest to grant visitation privileges despite opposition of the father and appellant, and entered an order granting visitation. Subsequent to the order awarding visitation, the appellant's motion for adoption was granted.
On appeal, the appellant contends that since the natural mother had placed the children for adoption, Florida law prohibits visitation. The appellant, however, misconstrues the applicable statutes.
Section 752.01(1), Florida Statutes (1987), provides that upon petition by a grandparent, *674 reasonable visitation may be awarded to that grandparent, if, among other things, the marriage of the grandchildren's parents has been dissolved. Section 752.01(2) states the act does not provide for grandparental visitation rights for children placed for adoption under Chapter 63 (Florida Statutes) "except as provided in s. 752.07 with respect to adoption by a stepparent."
Section 752.07 provides that when there is a remarriage of one of the natural parents of the child for whom visitation rights have been established by a grandparent, "any subsequent adoption by the stepparent will not terminate any grandparental rights." (emphasis added). Thus, while section 63.172(1)(b) provides that an adopted person is a stranger to former natural relatives, Chapter 752 provides an exception to this otherwise strict provision. Accordingly, the right to grandparental visitation is not terminated upon adoption by a stepparent if the right of visitation had been established before the adoption occurred. See Mauldin v. Richter, 515 So.2d 1030 (Fla. 1st DCA 1987); Cf. Beard v. Hamilton, 512 So.2d 1088 (Fla. 2nd DCA 1987).[1]
Since in the instant case the order granting grandparental visitation was entered before the order effecting the adoption, the right of grandparental visitation was not lost. The fact that the motion for visitation was filed in the adoption proceeding and that the visitation rights were established only a couple of weeks before the adoption occurred makes no difference under the applicable statutory law. Accordingly, finding no error below, we affirm the order granting visitation rights for the maternal grandparents.
ZEHMER and WIGGINTON, JJ., concur.
NOTES
[1] Whether we would agree with our sister court's decision in Beard v. Hamilton that failure to obtain a visitation order prior to the stepparent adoption would not bar a subsequent award of grandparental visitation is not before us in this case, and we reserve decision on that issue.