545 So.2d 318 (1989)
Sam DAVIS and Gardenia Davis, Appellants,
v.
Leonard DIXON and Ardella Dixon, Appellees.
No. 89-292.
District Court of Appeal of Florida, Third District.
May 9, 1989.
Rehearing Denied July 14, 1989.
*319 Friend & Fleck and Geoffrey Fleck, South Miami, for appellants.
Bernard F. Siegel, South Miami, Richard Maloy, Key Biscayne, for appellees.
Before SCHWARTZ, C.J., and BARKDULL, J., and JAMES C. DAUKSCH, Jr., Associate Judge.
BARKDULL, Judge.
Appeal from a final judgment of adoption favoring the Dixons, the child's maternal great aunt[1] and uncle over the paternal grandparents. The court found section 63.0425(1), Fla. Stat.[2] inapplicable and severed all visitation with the grandparents.
We find that the trial court erred in failing to accord the grandparents the priority of the statute. The appellee advances the position that the priority can only be granted in an agency proceeding for adoption, referring to the first sentence of the subsection of the statute and citing Rouleau v. Avrach, 233 So.2d 1 (Fla. 1970); In Re Whetstone, 137 Fla. 712, 188 So. 576 (1939); Reznick v. Schwartz, 219 So.2d 713 (Fla. 3d DCA 1969); Ryder Truck Rental, Inc. v. Southeast First National Bank of Miami, 427 So.2d 302 (Fla. 3d DCA 1983). We disagree, and find that the first section provides instances wherein the grandparents shall have notice of certain agency adoption proceedings, and the second sentence gives grandparents a priority consideration in adoptions.[3] This view of the statute is in accord with recent legislative enactments extending grandparents' rights as to grandchildren. See and compare Griss v. Griss, 526 So.2d 697 (Fla. 3d DCA 1988); Beard v. Hamilton, 512 So.2d 1088 (Fla. 2d DCA 1987); Ramey v. Thomas, 483 So.2d 747 (Fla. 5th DCA 1986); Section 61.13(2)(b)2c, Florida Statutes (1987); Chapter 752 Florida Statutes (1987).
Therefore, we return this matter to the trial court for a determination, taking into account the "priority" of which parties shall be the adopting parents. It may do it either on the record as already made, or by considering not only the existing record, but additional evidence.
The trial judge also denied the grandparents legal visitation, apparently *320 under the belief that he had no authority to do so in this case. As we are returning this cause to the trial court for redetermination of the adopting parent, we vacate the visitation order with the following observations. Pursuant to section 63.172(1)(b), Florida Statutes (1987)[4] all legal relationships between an adopted person and his relatives including his natural parents terminates upon a judgment of adoption becoming final. See Calderon v. Torres, 445 So.2d 1040 (Fla. 3d DCA 1984); Jones v. Allen, 277 So.2d 599 (Fla. 1st DCA 1973); Lee v. Kepler, 197 So.2d 570 (Fla. 3d DCA 1967). Thus without some legislative exemption, a grandparent has no legal right of visitation when the child is adopted. Such exemptions are granted by section 63.172(2), Florida Statutes (1987), effective May 14, 1987[5] and section 752.07, Florida Statutes (1987). Section 63.172(2) provides that grandparental rights delineated under Chapter 752, Florida Statutes do not terminate, unless the trial court orders otherwise, upon adoption by a close relative. Upon remand, if the trial court grants adoption to the grandparents, the issue becomes moot as under existing law the Dixons would have no visitation rights. However, if the Dixons are held to be the adopting parents, it will be necessary to determine the relationship of Ardella Dixon to the child to ascertain whether or not she is a close relative within the meaning of section 63.172(2), Florida Statutes (1987) so as to permit grandparent visitation.
The order appealed herein is hereby reversed and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] The record herein reveals that in one instance Ardella Dixon has stated she was the child's great aunt (p. 90 of the trial transcript) and in another that she was the child's mother's sister (p. 114 of the trial transcript.) Upon remand it may be necessary for the trial court to resolve this issue of relationship.
[2] 63.0425 Grandparent's right to adopt.

(1) When a child who has lived with a grandparent for at least 6 months is placed for adoption, the agency or intermediary handling the adoption shall notify that grandparent of the impending adoption before the petition for adoption is filed. If the grandparent petitions the court to adopt the child, the court shall give first priority for adoption to that grandparent.
[3] The grandparent's priority afforded by section 63.0425, Florida Statutes (1987), of course cannot be superior to a contrary finding in the best interests of the child. Section 63.0425(4) Florida Statutes (1987) provides:

"(4) Nothing in this section shall contravene the provisions of s. 63.142(4)."
Section 63.142(4) Florida Statutes (1987) states:
"(4) At the conclusion of the hearing, when the court determines that all necessary consents have been obtained and that the adoption is in the best interest of the person to be adopted, a judgment of adoption shall be entered."
See also In Re Adoption of H.Y.T., 458 So.2d 1127 (Fla. 1984); Section 63.022(2)(l), Fla. Stat. (1987).
[4] 63.172 Effect of judgment of adoption. 

(1) A judgment of adoption, whether entered by a court of this state, another state, or of any other place, has the following effect:
(b) It terminates all legal relationships between the adopted person and his relatives, including his natural parents, except a natural parent who is a petitioner or who is married to a petitioner, so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship.
[5] 63.172

(2) If a parent of a child dies without the relationship of parent and child having been previously terminated and a spouse of the living parent thereafter adopts the child, of if both parents of a child die and a close relative of the child adopts the child, the child's right of inheritance from or through the deceased parent is unaffected by the adoption and, unless the court orders otherwise, the adoption will not terminate any grandparental rights delineated under chapter 752. For purposes of this subsection a close relative of a child is the child's brother, sister, grandparent, aunt, or uncle.