559 So.2d 87 (1990)
M.L.B. and J.B.,[1] Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-235.
District Court of Appeal of Florida, Third District.
February 13, 1990.
Rehearing Denied April 20, 1990.
Arthur G. Luongo, Miami, for appellants.
Christina A. Zawisza, Miami, John M. Ratliff, Carmen Dominquez Frick, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
BASKIN, Judge.
The question we address in this appeal is whether a motion alleging fraudulent concealment of the child's psychiatric problems by the Florida Department of Health and Rehabilitative Services [HRS] as grounds for annulment of an adoption may be filed more than one year after entry of a final judgment of adoption. Appellants seek to overturn the trial court's ruling that section 63.182, Florida Statutes (1987), and Calderon v. Torres, 445 So.2d 1040 (Fla. 3d DCA 1984), bar their action. We hold that the motion to annul the adoption is not barred. We reverse.
The record discloses that appellants wished to adopt a troubled child. Their purpose was to help the child overcome her problems by employing the skills of the adoptive mother, who holds a doctorate degree in psychology. Unfortunately, M.A.B. was too severely troubled to benefit from the type of help they could provide. HRS reports indicated that the child had severe psychological problems which made it impossible for her to function in a traditional home environment. These reports were allegedly concealed both prior to and for more than a year after the adoption. The content of the reports and their concealment are the grounds for the allegations of fraud.
The purpose of the Florida Adoption Act is "to protect and promote the well-being of persons being adopted and their natural and adoptive parents and to provide all children who can benefit by it a permanent family life." § 63.022, Fla. Stat. (1987). The state's paramount concern is the best interest of the child.[2]In re Adoption of *88 H.Y.T., 458 So.2d 1127 (Fla. 1984); Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA), review denied, 389 So.2d 1116 (Fla. 1980). For that reason, the state, in an effort to provide finality in adoption proceedings, provides a limitation period in section 63.182, Florida Statutes (1987), the provision that governs attacks on the validity of a judgment of adoption:
After one (1) year from the entry of a judgment of adoption, any irregularity or procedural defect in the proceedings is cured, and the validity of the judgment shall not be subject to direct or collateral attack because of any irregularity or procedural defect. Any defect or irregularity of, or objection to, a consent that could have been cured had it been made during the proceedings shall not be questioned after the time for taking an appeal has expired.
Appellants sought to invalidate M.A.B.'s adoption more than one year after the entry of the final judgment. They maintain that their action is not barred because HRS concealed crucial information concerning the extent of M.A.B.'s psychological problems, in contravention of section 63.082(3)(b), Florida Statutes (1987).[3] We must therefore decide whether fraud is an "irregularity" within the purview of section 63.182. If fraud is such an irregularity, the action is foreclosed.
The statute does not define the term "irregularity"; we must turn elsewhere to discern the meaning of the term. A cardinal rule of statutory construction is that words are given their ordinary or settled meaning. Southeastern Fisheries Ass'n, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984); Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986); Seaboard System R.R., Inc. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985). "Irregularity" is defined by Black's Law Dictionary 744 (5th ed. 1979), as "[t]he technical term for every defect in mechanics of proceedings, or the mode of conducting an action or defense." Fraud is more than a mechanical defect and is therefore not encompassed in the term "irregularity." Its omission from the statute indicates that the legislature did not intend fraud to be one of the grounds barred after the passage of a year. Cases from jurisdictions with statutes similar to the Florida statute support this view. For example, a Maryland statute providing that a "procedural or jurisdictional defect" in an adoption proceeding must be raised within one year, Md. Ann. Code art. XVI, § 79 (1988), has been held not to embrace allegations of fraud. See Weinschel v. Strople, 56 Md. App. 252, 466 A.2d 1301 (Md. Ct. Spec. App. 1983); Venables v. Ayres, 54 Md. App. 520, 459 A.2d 601 (Md. Ct. Spec. App. 1983). Similarly, Delaware's statute, providing that "any irregularities in the proceedings shall be deemed cured" if not raised within two years from the date of the final decree of adoption, Del. Code Ann. tit. 13, § 918 (1981), has been deemed not to encompass fraud. See Husband (G.T.B.) v. Wife (G.R.), 424 A.2d 12 (Del. 1980).[4] Agreeing that fraud is not a mere irregularity, we hold that the motion to annul the adoption is not barred by the time limitations of section 63.182, Florida Statutes (1987).
Appellants seek to establish that HRS knowingly failed to provide a complete medical history of the child in contravention of the requirements of section 63.082(3)(b), Florida Statutes (1987). If so, the actions of HRS would constitute a fraud upon the court; a result obtained by means of extrinsic fraud may be set aside at any time. DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984); Whitman v. Whitman, 532 So.2d 82 (Fla. 3d DCA 1988); see also Seven-Up Bottling Co. of Miami v. George Constr. Corp., 166 So.2d 155 (Fla. 3d DCA 1964). Calderon v. Torres, 445 So.2d 1040 (Fla. 3d DCA 1984), did not address fraudulent concealment and is therefore not determinative of the issue before us.
*89 For these reasons, we reverse the order of the trial court denying appellants' motion to annul adoption and remand the cause to the trial court for a hearing to determine whether HRS perpetrated a fraud upon appellants so as to entitle them to vacation of the final judgment of adoption.
Reversed and remanded for further proceedings.
COPE, J., concurs.
NESBITT, Judge (specially concurring):
While I agree with the result reached by the majority, I separately write to articulate my views regarding the proceedings to be further conducted by the trial court. Should the trial court find that HRS concealed the medical reports from the adoptive parents, that does not necessarily terminate the case in favor of the adoptive parents. Before the trial court annuls the adoption, it must determine that annulment would be in the best interest of the child. See In re Adoption of H.Y.T., 458 So.2d 1127 (Fla. 1984); Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA), review denied, 389 So.2d 1116 (Fla. 1980). In the vast number of instances, it is not in the best interest of a child to have the parent/child relationship severed. This is especially so where the fraud perpetrated on the adoptive parents goes unnoticed for a substantial period of time during which the child has become a functioning member of the family unit. Annulment in that instance would surely infringe upon the child's best interest.
While I agree with the holding that the one-year statute of limitations for bringing an annulment action under section 63.182, Florida Statutes (1987), does not apply here to the fraudulent concealment of material medical facts, I believe that section is also persuasive evidence of the legislature's intention that after one year, it is generally not in the best interest of a child to remove him or her from the adoptive family unit. After that time, compelling facts must exist to uproot the child and drastically change his or her living environment.
In the case at hand, the child was adopted by the appellants when she was eleven. It is alleged that within months following the adoption, the child began to behave in a manner which required her one-month stay in a psychiatric hospital. Thirteen months after the adoption was finalized, the adoptive parents turned her over to HRS which declared her a dependent child and again placed her in a psychiatric hospital. Seventeen months following the adoption, the girl was released from the psychiatric hospital and placed in a therapeutic group home where she remains. The appellants commenced the annulment proceedings some nineteen months following the adoption.
Clearly, the allegations raise the question of whether the adoptive parents and the child ever had the opportunity to become a functioning family unit. Moreover, HRS' own reports state that this child would be better served in the therapeutic environment in which she now resides.
The above and perhaps other relevant facts have to be evaluated by the trial court in determining whether the child's best interest would be served by annulment.
NOTES
[1] The style of the case has been revised by the court sua sponte to preserve the child's privacy interests. See The Florida Star v. B.J.F., 499 So.2d 883 (Fla. 1st DCA), review denied, 509 So.2d 1117 (Fla. 1987), reversed on other grounds, ___ U.S. ___, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1989).
[2] Although annulment of an adoption is not usually in the best interest of the child, the circumstances of this case do not fall within the usual pattern. Annulments are more often sought by the parent who gives the child for adoption rather than by the adopting parent.
[3] Section 63.082(3)(b), Florida Statutes (1987), requires HRS to attach a copy of the child's medical history to the form providing consent to adoption.
[4] For a discussion of the effect of similar statutes, see Carroll, Abrogation of Adoption by Adoptive Parents, 19 Fam.Law Q. 155, 166-68 (1985).