NESBITT, Judge
(specially concurring):
While I agree with the result reached by the majority, I separately write to articulate my views regarding the proceedings to be further conducted by the trial court. Should the trial court find that HRS concealed the medical reports from the adoptive parents, that does not necessarily terminate the case in favor of the adoptive parents. Before the trial court annuls the adoption, it must determine that annulment would be in the best interest of the child. See In re Adoption of H.Y.T., 458 So.2d 1127 (Fla.1984); Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA), review denied, 389 So.2d 1116 (Fla.1980). In the vast number of instances, it is not in the best interest of a child to have the parent/child relationship severed. This is especially so where the fraud perpetrated on the adoptive parents goes unnoticed for a substantial period of time during which the child has become a functioning member of the family unit. Annulment in that instance would surely infringe upon the child’s best interest.
While I agree with the holding that the one-year statute of limitations for bringing an annulment action under section 63.182, Florida Statutes (1987), does not apply here to the fraudulent concealment of material medical facts, I believe that section is also persuasive evidence of the legislature’s intention that after one year, it is generally not in the best interest of a child to remove him or her from the adoptive family unit. After that time, compelling facts must exist to uproot the child and drastically change his or her living environment.
In the case at hand, the child was adopted by the appellants when she was eleven. It is alleged that within months following the adoption, the child began to behave in a manner which required her one-month stay in a psychiatric hospital. Thirteen months after the adoption was finalized, the adoptive parents turned her over to HRS which declared her a dependent child and again placed her in a psychiatric hospital. Seventeen months following the adoption, the girl was released from the psychiatric hospital and placed in a therapeutic group home where she remains. The appellants commenced the annulment proceedings some nineteen months following the adoption.
Clearly, the allegations raise the question of whether the adoptive parents and the child ever had the opportunity to become a functioning family unit. Moreover, HRS’ own reports state that this child would be better served in the therapeutic environment in which she now resides.
The above and perhaps other relevant facts have to be evaluated by the trial court in determining whether the child’s best interest would be served by annulment.